IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| POWERMAT TECHNOLOGIES, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:23-CV-52-RWS |
| | § | |
| ANKER INNOVATIONS, LTD., | § | |
| | § | |
| Defendant. | § | |

## SUPPLEMENTAL ORDER ON MOTIONS *IN LIMINE*

The Court held a pretrial conference in the above-captioned case on January 13, 2026 and heard argument on the motions *in limine* filed by Plaintiff Powermat Technologies, Ltd. (Docket No. 149) and Defendant Anker Innovations, Ltd. (Docket No. 150). Docket Nos. 211, 215. At the pretrial conference, the Court requested that the parties meet and confer regarding Powermat MIL #1 and #6 and file a notice indicating whether they could reach an agreement on these motions *in limine* no later than January 16, 2026. *See* Docket No. 215 at 39:13–40:18, 53:2–22. Accordingly, the Court issued an order on the parties' motions *in limine* that carried ruling on Powermat MIL #1 and #6 until the Court had considered the parties' notice (Docket No. 216). Docket No. 217 at 4–5. Having now considered the parties' notice, the Court issues this Supplemental Order **GRANTING-AS-MODIFIED** Powermat MIL #1 and #6. Accordingly, it is hereby **ORDERED** as follows:

### POWERMAT'S MOTIONS *IN LIMINE*

**Powermat MIL #1.**   Preclude any reference to IPRs filed against the Patents-in-Suit or IPRs filed against any patents owned by Powermat, including any decisions to institute or not institute IPR proceedings, as well and any reasons provided by the PTAB for such denials or institutions.

**AND**

**Powermat MIL #6.**   Preclude evidence, testimony, or argument regarding the invalidity of any of the '696, '204, and '461 Patents.

**GRANTED-AS-MODIFIED**. Per the parties' agreement, Anker is permitted to mention that it filed petitions challenging the validity of U.S. Patent Nos. 8,626,461 ("the '461 Patent") and 9,083,204 ("the '204 Patent"), that the petitions were accepted by the U.S. Patent and Trademark Office ("the USPTO") for purposes of review, and that the USPTO is currently undertaking a review of the validity of the '461 and '204 Patents. Docket No. 216 at 1–2. Otherwise, the parties are precluded from raising any additional evidence, testimony, or argument within the scope of Powermat MIL #1 and #6.

Despite the parties' compromise, Anker urges that it should also be able to present additional evidence regarding (1) the *inter partes* review ("IPR") proceedings involving the '461 and '204 Patents; and (2) certain patents that Powermat has withdrawn from asserting in this litigation. *Id.* at 2–4. Ultimately, the Court determines that, outside the scope of the parties' agreement, Anker is precluded from raising any additional evidence, testimony, or argument covered by the terms of Powermat MIL #1 and #6 without first approaching the bench and obtaining leave of the Court.

## I.   Additional Evidence Regarding the IPR Proceedings Involving the '461 and '204 Patents

Anker seeks to present additional evidence relating to the IPR proceedings concerning the '461 and '204 Patents for two purposes: (1) to apprise the jury of the due date of the final written decisions associated with those proceedings; and (2) to cross-examine Powermat's witnesses regarding purportedly inconsistent positions that Powermat took before the Patent Trial and Appeal Board ("PTAB"). Docket No. 216 at 2. In the notice, Anker contends that such evidence is relevant to the issue of willful infringement because it is probative of Anker's reasonable belief that the '461 and '204 Patents are invalid and not infringed. *Id.* at 2–3.

Aside from what the parties have agreed, Anker may not reference the IPR proceedings involving the '461 and '204 Patents. Courts in this District regularly grant motions *in limine* that preclude the parties from referencing parallel IPR proceedings. *See, e.g.*, Order on Motions *in Limine* at 4, *Pantech Corp., et al. v. OnePlus Tech. (Shenzhen) Co.*, No. 5:22-CV-00069-RWS (E.D. Tex. Mar. 1, 2024), ECF No. 211 (granting motion *in limine* precluding reference to "[p]rior or ongoing litigation involving either party, including IPRs filed against the Patents-in-Suit"); Order at 1, *Maxell, Ltd. v. ZTE Corp., et al.*, No. 5:16-CV-00179-RWS (E.D. Tex. June 6, 2018), ECF No. 176 (similar); *Biscotti Inc. v. Microsoft Corp.*, No. 2:13-CV-01015-JRG-RSP, 2017 WL 2537021, at *1 (E.D. Tex. May 30, 2017) (similar); *see also Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1343 (Fed. Cir. 2009) (affirming district court's decision to preclude reference to parallel reexamination proceedings at the USPTO).

The agreement reached by Powermat and Anker provides Anker with the opportunity to reference the IPRs to support its contentions that it reasonably believed the '461 and '204 Patents were invalid. Anker provides no persuasive justification for the Court to permit Anker to present any additional evidence beyond that permitted by the parties' agreement. First, the due date of the final written decisions is entirely irrelevant to whether Anker reasonably believed that the '461 and '204 Patents were invalid or not infringed. Second, to the extent that Anker seeks to present evidence of the allegedly inconsistent positions that Powermat took before the PTAB, the probative value of such evidence is substantially outweighed by the risk of unfair prejudice to Powermat under Federal Rule of Evidence 403 balancing. *Cf. Biscotti Inc.*, 2017 WL 2537021, at *1 (drawing a similar conclusion). Anker is not presenting invalidity defenses against the '461 and '204 Patents at trial, and thus additional references to these IPR proceedings, beyond what is

permitted by the parties' agreement, may improperly suggest to the jury that they should consider the merits of these parallel proceedings in determining whether Anker infringed these patents.

In the event that Powermat opens the door by presenting evidence or argument that refers to these IPR proceedings in a manner not permitted by this Supplemental Order, or by otherwise putting these IPR proceedings at issue, Anker may approach the bench and request permission to present additional evidence or argument regarding them.

## II. Withdrawn Patents

Anker argues that it should be able to reference Powermat's withdrawn causes of action involving U.S. Patent Nos. 8,049,370 ("the '370 Patent") and 9,048,696 ("the '696 Patent") to undermine Powermat's damages and willful infringement theories. Docket No. 216 at 3. The PTAB issued a final written decision invalidating all asserted claims of the '696 Patent, Docket No. 199 at 1, and Powermat dropped its cause of action regarding the '370 Patent after the Court's *Markman* order, Docket No. 76; Docket No. 84 at 1.

Anker's position is contrary to Agreed MIL #3, #4, and #7, which "preclude evidence or argument regarding dropped claims of infringement and invalidity" as well as "evidence or argument relating to . . . the Court's ruling on any motions," including the Court's *Markman* order (Docket No. 76). Docket No. 217 at 2. Anker asserts that these motions *in limine* only bar evidence "referencing patent claims and invalidity positions that were 'dropped' as part of [an] agreed upon narrowing in the litigation." Docket No. 216 at 3–4. Nonetheless, Agreed MIL #3 plainly precludes evidence or argument regarding dropped claims of infringement or invalidity. Docket No. 217 at 2. The motion *in limine* does not limit its scope to only claims that were dropped based on an agreement to narrow the case. Anker fails to demonstrate why the Court should permit it to renege on these agreed motions *in limine*. Accordingly, Anker may not present additional evidence or

argument regarding the withdrawn patents without first approaching the bench and obtaining leave of the Court.

## CONCLUSION

Accordingly, it is

**ORDERED** that the parties, their witnesses, and counsel shall not raise, discuss, or argue the subject of any granted motion *in limine* before the venire panel or the jury without first approaching the bench and obtaining leave of the Court. This Supplemental Order in no way limits or constrains the Court's prior rulings on the parties' motions *in limine*. *See* Docket No. 217.

**So ORDERED and SIGNED this 21st day of January, 2026.**

Robert W. Schroeder III
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE